## LAW v. NATIONAL BROADCASTING CO., Inc., et al.

District Court, S. D. New York.
July 19, 1943.

Guggenheimer & Untermyer, of New York City (Milton E. Mermelstein, of New York City, and J. C. Randal, of Buffalo, N. Y., of counsel), for plaintiff.

Schwartz & Frohlich, of New York City (Louis D. Frohlich, Herbert P. Jacoby, and Lawrence C. Gibbs, all of New York City, of counsel), for defendants.

CONGER, District Judge.

The plaintiff sues for copyright infringement; brought under the Copyright Laws of the United States.

Sometime prior to November 10, 1919, plaintiff composed, wrote and originated the music and lyrics of a musical composition entitled "On Iowa".

On or about the 10th of November, 1919, plaintiff assigned and transferred all his right, title and interest in and to said musical composition, together with the right to copyright same, to Harold Rossiter Music Co., hereafter referred to as Rossiter. Thereafter, the said Rossiter published said musical composition and duly, regularly and on or about November 25, 1919, obtained a certificate of copyright therefor. So that on the last mentioned date the said Rossiter was the copyright owner of the musical composition.

The defendant National Broadcasting Co., hereafter referred to as NBC, subsequently and during the years 1939, 1940 and 1942, in connection with its programs, used said musical composition. For this plaintiff sues.

The defendant American Society of Composers, Authors and Publishers, hereafter referred to as ASCAP, is sued as the contributory infringer. It is unnecessary for me to go into the organization and purposes of ASCAP: Suffice it to say that "On Iowa" was in its album and that it certified to the defendant NBC that the musical composition might be used by them. Defendant ASCAP in its answer claimed to have the right to license the performing rights in the composition "On Iowa".

The facts which I have hereinbefore stated are not in dispute. The first question to decide is whether or not the plaintiff has capacity to sue, i.e., whether or not he was the actual owner of the copyright at the time the cause of action arose. I am satisfied that he was. Very briefly, the chain of facts and circumstances, which I find brought the title back to him, are as follows.

On February 21, 1928, Rossiter as copyright owner licensed Melrose Brothers Music Co., Inc., hereafter referred to as Melrose, to publish "On Iowa" for band and orchestra. Sometime during the early part of 1929, Rossiter, who was going out of business, cancelled his contract with the plaintiff and assigned back to him the

copyright which it held. About this time Rossiter and Melrose were negotiating for a new contract. The evidence clearly shows that Rossiter gave back to plaintiff whatever rights it had in "On Iowa" and told Melrose to take up his negotiations with plaintiff. This Melrose did and a contract was entered into between plaintiff and Melrose in and by which Melrose secured the exclusive band, orchestra, folio and sheet music publishing rights to the song, which agreement expressly provided: "It is agreed that the Copyright Owner shall retain full ownership of the present copyright and all renewals thereof."

Whatever right and title ASCAP has comes through Melrose. I am satisfied that Melrose had no title except as above stated.

The case is complicated by the fact that plaintiff has lost the reassignment to him from Rossiter and which was not recorded in the copyright office and by the fact that there is in evidence what purports to be an assignment from Rossiter to Melrose, together with a letter accompanying the same dated November 21, 1929. The alleged assignment from Rossiter to Melrose was accomplished by putting a rubber stamp on the back of the copyright card of "On Iowa" which read as follows:

"For and in consideration of $1.00 and other valuable consideration we hereby assign all of our right, title and interest in the within contract to Melrose Brothers, 81 W. Randolph St., Chicago.

"Harold Rossiter Music Company

"(Signature) Harold Rossiter"

Harold Rossiter, president of Rossiter Music Co., Inc., testified that he did send this copyright card so endorsed by him to Melrose but that it was never intended by him to vest title in Melrose of the copyright to said song. I have accepted his explanation as correct and true. On May 26, 1941, plaintiff obtained from Harold Rossiter, former president and sole owner of Rossiter Music Co., a confirmation of the assignment of August, 1929. This confirmation and reaffirmance of copyright was recorded in the office of the United States. As a matter of fact the subsequent dealings of Melrose and its successor with plaintiff and admissions to ASCAP clearly indicate that there was never any contemplation that it, Melrose or its successor, was ever the copyright owner of this composition.

■ From all the evidence, including the exhibits, I am convinced that plaintiff was on or about August 5, 1929, and down to at least the date of the trial of this action, the copyright owner of said composition and as such had the right to bring this action and is entitled to relief herein.

I am unable to ascertain the actual damage and profits.

■ There was no proof before me as to the actual damage to the plaintiff by reason of these infringing performances. Neither was there any proof before me as to any profits accruing to the defendants. I, therefore, shall allow statutory damages.

■ Under all the circumstances, I feel it to be only just and fair to assess against the defendants the sum of $10 for each infringing performance. In coming to this conclusion, I have taken into consideration that there were 85 performances after notice was given.

■ Plaintiff's composition was performed on three occasions by the NBC with chain hook-ups of 67, 66 and 85 stations, in all 218. Damages should be awarded on the theory that there were 218 performances, not three. Buck v. Jewell-La Salle Realty Co., 283 U.S. 191, 51 S. Ct. 410, 75 L.Ed. 971, 76 A.L.R. 1266.

There is a further claim that on September 12, 1940, the NBC used "On Iowa" on the "Farm and Home Hour". The man in charge of this program testified before me and stated that "On Iowa" was not used on that day on that program; that it had been "cleared" by ASCAP for use on that program but was not actually used. He produced the records of that broadcast and they confirm his statement. I therefore disallow that claim.

There was another claim that the song was used sometime during the year 1939 and/or 1940 on the "Kay Kyser" program and on the "Uncle Walter's Doghouse Hour". The evidence on this claim was indefinite and not sufficiently convincing. I, therefore, disallow that claim.

■ Judgment for the plaintiff as follows: The defendants and each of them, their agents and employees, are restrained and enjoined from infringing said copyright of plaintiff in any manner and plaintiff shall have damages against the defendants in the sum of $2,180 and costs in the action including $250 as reasonable attorneys fee herein.

If findings of fact and conclusions of law are submitted, they should be triple-

spaced typed, and on five days notice. The opposing counsel, if he be so disposed, should submit, on two days notice, criticisms of the proposed findings, as counter findings will avail him nothing.